```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| SHAVKAT SHARAPOV | : | CIVIL ACTION |
| v. | : | |
| DAVID O'NEILL, et al. | : | NO. 26-38 |

MEMORANDUM

Bartle, J.                                                January 20, 2026

On January 6, 2026, Shavkat Sharapov filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the lawfulness of his detention at the Philadelphia Federal Detention Center by Immigration and Customs Enforcement ("ICE"). The Respondents are: David O'Neill, Philadelphia Field Office Director of ICE's Enforcement and Removal Operations; Kristi Noem, the Secretary of the Department of Homeland Security; Pamela Bondi, the Attorney General of the United States; and Jamal L. Jamison, the Warden of the Philadelphia Federal Detention Center. All individuals are sued in their official capacities.

Petitioner asks this court to issue a writ of habeas corpus requiring that Respondents immediately release him and a declaration that his mandatory detention is unlawful.

I

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). It is a core remedy for unlawful executive detention that is regularly invoked on behalf of noncitizens. Munaf v. Geren, 553 U.S. 674, 693 (2008); St. Cyr, 533 U.S. at 305. When reviewing the legality of executive detention, its protections have been the strongest. St. Cyr, 533 U.S. at 301. Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

II

Petitioner is a native of Uzbekistan. He initially entered the country on March 9, 2022 in El Paso, Texas. Officials from Customs and Border Patrol detained him shortly after entry. He was charged with being an inadmissible alien

-2-

presumably under 8 U.S.C. § 1182(a)(6)(A)(i) because he entered the country without inspection.  That provision states that an alien present in the United States without being previously admitted or paroled is ineligible to be admitted to the United States.  The Department of Homeland Security placed him in detention briefly but subsequently released him on parole into the United States pursuant to 8 U.S.C. § 1182(d)(5).  Section 1182(d)(5) allows for discretionary parole into the United States "under such conditions as [the Department of Homeland Security] may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit."  8 U.S.C. § 1182(d)(5)(A).  As a condition of his parole, Petitioner was required to report to the ICE office near his final destination within fifteen days or face removal from the United States.  Petitioner complied with this condition and appeared at the ICE office in Philadelphia.  He was thereafter required to appear in person annually at an ICE office.

     Petitioner has resided in the United States since March 2022.  Up until his recent detention, he lived in Langhorne, Pennsylvania.  During his residency, Petitioner attended annual check-ins as required at the Philadelphia ICE office.  Petitioner also filed a timely application for asylum.  As an asylum applicant, Petitioner has work authorization and a

social security number.  He maintains that he has lived a productive and law-abiding life in the United States.

On January 3, 2026, Petitioner was arrested by ICE officers.  He was transferred to the Federal Detention Center in Philadelphia where he is currently detained.  Once in custody, his detention was continued without an opportunity to post bond or be released on other conditions.

ICE took the action it did based on its new policy position that non-citizens residing in the interior of the United States are subject to 8 U.S.C. § 1225(b)(2)(A) proceedings.  Section 1225(b)(2)(A) provides: "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding." Id. § 1225(b)(2)(A).  Those detained pursuant to § 1225(b)(2)(A) are not entitled to a bond hearing before an immigration judge during their removal proceedings. Jennings v. Rodriguez, 583 U.S. 281, 288 (2018).  Respondents take the position that Sharapov is subject to mandatory detention as a result of the Board of Immigration Appeals decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).

Petitioner argues that Matter of Yajure Hurtado is contrary to law and that the government has unlawfully

-4-

determined that he was subject to mandatory detention.  He argues that § 1225(b)(2)(A) does not apply to individuals like himself who previously entered and are now residing in the United States.  Instead, he alleges he should be subject to 8 U.S.C. § 1226(a) proceedings.  Under § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [P]ending such a decision, the [alien] . . . may [be] release[d] . . . on bond . . . or . . . [on] conditional parole."  8 U.S.C. § 1226(a)(2).

### III

In recent months, district courts throughout the country have addressed the issues raised by Petitioner in this case repeatedly and exhaustively and granted habeas relief. See Kobilov v. O'Neill, No. 26-58, 2026 WL 73475, at *2 (E.D. Pa. Jan. 8, 2026) (Rufe, J.).  There appears to have been over 300 decisions overall.  A significant number have been filed and continued to be filed in the Eastern District of Pennsylvania. See, e.g., Diallo v. Bondi, No. 25-7421, 2026 WL 36534, at *2-4 (E.D. Pa. Jan. 6, 2026) (Rufe, J.).  In two of these cases, Anirudh v. McShane, No. 25-6458, 2025 WL 3527528, at *6 (E.D. Pa. Dec. 9, 2025), and Garcia-Zamora v. Jamison, No. 25-6656, 2025 WL 3642088, at *4 (E.D. Pa. Dec. 16, 2025), the undersigned granted similar habeas petitions on December 9, 2025 and

December 16, 2025, respectively.  The court incorporates its Memoranda in these cases by reference.

The government invokes the same procedural arguments here as it did in Anirudh and Garcia-Zamora.  It argues that this court lacks jurisdiction based on 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii).  As in those cases, the jurisdiction-stripping provisions in § 1252 do not apply.  See Anirudh, 2025 WL 3527528, at *2-4; Garcia-Zamora, 2025 WL 3642088, at *3.  8 U.S.C. § 1252(g) does not oust the court of jurisdiction because Sharapov is not challenging the government's commencement of removal proceedings but rather the legality of his detention.  Anirudh, 2025 WL 3527528, at *3.  Similarly, 8 U.S.C. § 1252(b)(9) does not bar review of Sharapov's claims because the provision does not bar the court from reviewing issues collateral to the removal process, such as whether a bond hearing is required.  Id.  Finally, § 1252(a)(2)(B)(ii) does not strip the court of the power to adjudicate this matter because Petitioner is not challenging a discretionary decision to deny him bond but rather the government's legal position that no bond hearing is required. Id.

Accordingly, for the reasons more fully stated in Anirudh, the court has jurisdiction.  Id. at *2-4.

IV

The government argues that the petition also fails on the merits.  As in Anirudh and Garcia-Zamora, it asserts that under § 1225(b)(2)(A), Sharapov qualifies as an alien who is "applicant for admission" and thus subject to mandatory detention until a removal proceeding for him has concluded.  See Anirudh, 2025 WL 3527528, at *4-5; Garcia-Zamora, 2025 WL 3642088, at *3-4.  The government's position is without merit.

Section 1225(b)(2)(A) proceedings require mandatory detention while a noncitizen's removal proceedings are pending and the noncitizen may be released only "for urgent humanitarian reasons or significant public benefit."  Jennings, 583 U.S. at 288.  To trigger § 1225(b)(2)(A), an examining immigration officer must determine that the person is: (1) an "applicant for admission"; (2) "seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A).  The court agrees with previous decisions in this district that these are separate requirements, all of which must be met for Section 1225(b)(2)(A) to apply.  See Anirudh, 2025 WL 3527528, at *5.

As in Anirudh and Garcia-Zamora, this court rejects the government's interpretation of § 1225(b)(2)(A) that conflates "applicant for admission" and "seeking admission" under Matter of Yajure Hurtado.  29 I&N Dec. at 222-24; Anirudh,

-7-

2025 WL 3527528, at *5; Garcia-Zamora, 2025 WL 3642088, at *3. This interpretation disregards the plain meaning of Section 1225(b)(2)(A) and violates the rule against surplusage of statutory language. Anirudh, 2025 WL 3527528, at *5. The language "seeking admission" in § 1225(b)(2)(A) references only noncitizens who are just arriving or have recently arrived in the country. Id.

At the time of his arrest in January 2026, Petitioner had been present in this country for almost four years and was not at that point "seeking admission," that is seeking "lawful entry," into the United States. See 8 U.S.C. § 1101(a)(13)(A); Anirudh, 2025 WL 3527528, at *5.

Section 1226(a), in contrast to Section 1225, establishes a discretionary detention framework for noncitizens already in the country who are arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a); see also Anirudh, 2025 WL 3527528, at *5. It allows noncitizens subject to removal proceedings to be released on conditional parole. 8 U.S.C. § 1226(a)(2)(B); see also Gomes v. Hyde, No. 25-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). The framework entitles noncitizens to a bond hearing at the outset of any detention. See 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Petitioner entered the country in March 2022. He was shortly thereafter detained and released on discretionary

-8-

parole. Since 2022, he has resided in the country. The detention of noncitizens like Petitioner who have been long-present in the United States is governed by the discretionary framework of § 1226(a).

Nevertheless, each ruling turns on the facts of each case at issue. Kobilov, 2026 WL 73475, at *2. Unlike the petitioners in Anirudh and Garcia-Zamora, Sharapov was initially paroled into the country under 8 U.S.C. § 1182(d)(5) which is granted "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." Id. § 1182(d)(5)(A). The court finds this difference does not impact his right to habeas relief. In factually similar cases within this district, two of my colleagues found that noncitizens, who were paroled under § 1182(d)(5), were illegally detained without a bond hearing. See Francois v. Noem, No. 25-7334, 2026 WL 27565, at *3 (E.D. Pa. Jan. 5, 2026); Rios Porras v. O'Neill, No. 25-6801, 2025 WL 3708900, at *1 (E.D. Pa. Dec. 22, 2025). Additionally, courts around the country have also found noncitizens who were paroled under § 1182(d)(5) are not subject to mandatory detention if they have been residing within the country for years. See Francois, 2026 WL 27565, at *3.

Petitioner's detention without the opportunity for a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq. Since his mandatory detention violates

-10-

federal law, the court need not address his claims that either the bond regulations or due process has been violated.

V

The court will issue a writ of habeas corpus requiring that Respondents release Petitioner because his mandatory detention violates the Immigration and Nationality Act.  The court also declares his current detention unlawful.